# United States District Court for the
# Western District of Pennsylvania

| | |
|---|---|
| Valerie M. Smith, | 2:22-cv-165 |
| Plaintiff, | **Jury Trial Demanded** |
| v. | |
| PPG Industries, Inc. Retirement Income Plan; PPG Industries, Inc. Pension Plan Trust; PPG Auto Glass LLC Retirement Income Plan; Administrator, PPG Industries, Inc. Retirement Income Plan; Administrator, PPG Industries, Inc. Pension Plan Trust; and Administrator, PPG Auto Glass LLC Retirement Income Plan, | |
| Defendants. | |

# Complaint

## The Parties

1. Plaintiff, Valerie Smith ("Smith"), is a 67-year old adult resident of Allegheny County, Pennsylvania.

2. Defendants–PPG Industries, Inc. Retirement Income Plan, PPG Industries, Inc. Pension Plan Trust; and PPG Auto Glass LLC Retirement Income Plan (hereafter, "Defendant Plans")–are *employee benefit plan*[s] as that term is defined by Section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(3). Each Defendant Plan is located at 1 PPG Place, Pittsburgh, PA 15222.

3. Defendants–Administrator, PPG Industries, Inc. Retirement Income Plan; Administrator, PPG Industries, Inc. Pension Plan Trust; and Administrator, PPG Auto Glass LLC Retirement Income Plan (hereafter, "Defendant Administrators")– are *administrator*[s] as that term is defined by ERISA Section 3, 29 U.S.C. § 1002(16)(A). Each Defendant Administrator is located at 1 PPG Place, Pittsburgh, PA 15222.

## Venue

4. Venue is appropriate in this judicial district, per 28 U.S.C. § 1132(e)(2). The Defendant Plans are administered in and cover participants in this district. The Defendant Administrators are located in this district.

## Jurisdiction

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331.

## Statement of Facts

### A. **Smith earned a vested and accrued entitlement to pension benefits under the Defendant Plans based on her more than 24 years of continuous service to PPG Industries and PPG Auto Glass**

6. On March 6, 1979, PPG Industries ("PPG") hired Smith as a salaried, non-exempt and non-unionized employee. Smith remained in that status, continuously, for more than twenty-two years.

7.      In July 2000, PPG, which was then a producer of replacement auto glass, joined with another producer of replacement auto glass, Apogee Enterprises, Inc., of Minneapolis, MN, to create a new venture, PPG Auto Glass, LLC ("PPG Auto Glass"). For the entirety of PPG Auto Glass' eight-year existence, PPG was its majority owner.

8.      In September 2001, Smith accepted an offer to transfer her employment from PPG to PPG Auto Glass. At the time of her transfer, both PPG and PPG Auto Glass assured Smith that, based on her status as a "direct hire from PPG Industries", her "previous service will be carried over for PPG Auto Glass benefit purposes which includes vacation, pension and short term disability benefits."

9.      Smith remained at PPG Auto Glass until January 31, 2004, when she resigned.

10.     Throughout her 24 years and ten months of service–first as an employee of PPG, and later as an employee of PPG Auto Glass–Smith was covered by one of the Defendant Plans.

11.     At the time of her resignation from PPG Auto Glass, Plaintiff had a vested benefit of at least $903.05 per month payable in unreduced form upon attainment of age 65.

**B.  Following Smith's termination from PPG Auto Glass, and despite a series of successive owners and sponsors of, respectively, Smith's former employer and pension plan, the Defendant plans remain liable for Smith's pension benefits.**

12. In 2008, PPG purchased its minority partner's interests in PPG Auto Glass. PPG then sold a 60% share of PPG Auto Glass' assets to a consortium that used those assets to create an entity known as PGW Auto Glass, LLC ("PGW"), in which PPG retained a 40% ownership interest. Near in time to this transaction, PGW created a pension benefit plan known as the PGW LLC Retirement Income Plan ("PGW Plan").

13. In early 2016, LKQ Corporation ("LKQ") acquired PGW and became the sponsor of the PGW Plan.

14. In late 2016, LKQ sold the assets of PGW to Vitro Corporation ("Vitro"), but did not convey the PGW Plan to Vitro.

15. On May 2, 2019, LKQ's benefits committee decided to terminate the PGW Plan, effective June 30, 2019. In December 2019, LKQ purchased annuities from Prudential Retirement and Insurance Annuity Company ("Prudential") for all plan participants, and seized the remainder of the assets for the benefit of LKQ.

16. Earlier in 2019, the year in which she would reach age 65, Smith began attempting to collect her retirement benefits. As shown below, Smith's efforts–at first on her own, and later joined by undersigned counsel–have not succeeded in securing her pension benefits, thus this lawsuit.

17. In February 2019, Smith wrote to PPG to request it confirm her retirement benefits and produce a copy of the summary plan description ("SPD") for her pension plan. PPG's Pension Plans Manager, James Harper, III, responded to Smith in a letter dated March 22, 2019. In his letter, Harper asserted that:

    (1)    Smith was not covered by any plan sponsored by PPG;

    (2)    the benefit Smith earned during her 22+ years as an employee of PPG had initially been covered by the "PPG Industries, Inc. Retirement Income Plan" but had been transferred to "the PPG Auto Glass LLC Retirement Income Plan" upon the 2001 transfer of Smith's employment to PPG Auto Glass;

    (3)    PPG Auto Glass LLC was the sponsor of the latter plan;

    (4)    under the latter plan, Smith continued to accrue pension benefits until her 2004 resignation from PPG Auto Glass LLC; and

    (5)    upon the 2008 sale of PPG Auto Glass to PGW, PGW assumed sponsorship of the PPG Auto Glass LLC Retirement Income Plan, renaming it "the PGW Auto Glass LLC Retirement Income Plan".

Harper's letter concluded by telling Smith that PPG had provided PGW with relevant information from PPG's records, and that Smith should direct any further inquiries regarding her pension benefits to PGW. Harper did not provide Smith with a copy of any SPD.

18. Subsequently, Smith and her undersigned counsel spent dozens of hours researching her case, including many hours speaking by phone with representatives from PPG, PGW, LKQ and Vitro. After these efforts proved unsuccessful, Smith and her undersigned counsel in September 2021 sent formal written demands to PPG, PGW, LKQ and Vitro, requesting: (1) documentation demonstrating the respective

entity's liability, vel non, for Smith's pension benefits (including, specifically, copies of any relevant plans and SPDs, related IRS Form 5500s, and documents evidencing modification or termination of any such plans); and (2) a description of any appeals process available to Smith in the event the entity disclaimed liability for her pension. In response, each of the entities refused to provide the requested documentation, and failed to describe any appeal process Smith might avail herself of.

19.     To date and despite their diligent efforts, Smith and her undersigned counsel have not found any documentary evidence showing that PPG ever transferred liability for Smith's pension to any plan other than the PPG plans.[1]

20.      Smith's open-source investigation and querying of representatives of PPG, PGW, LKQ, Vitro, and the Pension Benefit Guaranty Corporation ("PBGC") has revealed, among other things, that LKQ did not purchase an annuity for Smith upon the termination of the PGW plan, and that Vitro did not acquire any assets or liabilities relative to Smith. Combined with the absence of any documentary evidence showing that PPG ever transferred liability or related assets for Smith's pension, it is apparent that PPG never transferred its liability for Smith's pension, or assets related thereto, to any other entity.

---

[1] In their respective responses to Smith's September 2021 demand for documents, PGW and LKQ claimed that the PGW Plan's assets and liabilities were transferred to Vitro. In its response, Vitro denied that any such transfer had occurred.

21. No other Plan or entity has produced any records showing any acceptance of liability for Smith's pension.

## Causes of Action

### Count I – Smith v. All Defendant Plans – Claim for Benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)

22. All previous paragraphs are incorporated by reference.

23. Smith earned an accrued vested benefit under one of the three Defendant Plans while employed by PPG and PPG Auto Glass.

24. The approximate amount of such benefit is $903.05 per month, commencing April 2019.

25. Although Smith attained normal retirement age under the Defendant Plans and has applied for an unreduced pension under the Plans' terms, the Plans have refused to pay Smith the pension benefit to which she is entitled.

26. The basis of the Plans' denials is that liability for Smith's pension and the assets associated with it were transferred to some other plan not sponsored by PPG.

27. PPG has supplied no documents indicating that pension assets and liabilities related to Smith were transferred under any circumstances, including in connection with the sale of PPG Auto Glass in 2008.

28. Smith has never consented to the transfer of assets and liabilities related to her pension.

## Count II – Smith v. All Defendant Administrators – Failure to Furnish Requested Documents Under Which Plan is Established or Operated, in Violation of ERISA Section 104, 29 U.S.C. § 1024(b)(4)

29.   All previous paragraphs are incorporated by reference.

30.   On or about February 26, 2019, Smith sent a letter to HR Services at PPG Industries, Inc., requesting a copy of any SPD applicable to her.

31.   By letter dated March 22, 2019, James R. Harper, Manager, HR Initiative and Pension Plans replied to Smith's letter. Harper's reply did not include a copy of the SPD for either the PPG Industries, Inc. Retirement Income Plan or PPG Industries, Inc. Pension Plan Trust under which Smith was originally covered, nor the SPD of the PPG Auto Glass LLC Retirement Income Plan under which Smith was allegedly covered at the time of her 2004 resignation.

32.   On information and belief, Harper was either the Plan Administrator of the plans listed in the preceding paragraph or was an agent of such Plan Administrator(s).

33.   The failure to furnish the requested plan documents within 30 days of Smith's letter was in violation of 29 U.S.C. § 1024(b)(4).

34.   On September 17, 2021 Smith's undersigned counsel sent Jose Avila, PPG Benefits Specialist, an email requesting certain plan documents and information relative to Smith, including any applicable SPDs.

35. By letter dated October 2, 2021, Michael A. Hart, Esq., of K&L Gates, LLP, replied on behalf of PPG and Avila to undersigned's email. Hart's reply did not include any of the requested documents, including any applicable SPDs or plan text.

36. On information and belief, Avila and Hart were acting as agents for the Defendant Administrators.

37. The Defendant Administrators' failure to furnish the requested plan documents within 30 days of counsel's September 17, 2021 constitutes a second violation of 29 U.S.C. § 1024(b)(4).

38. Under 29 U.S.C. § 1132(c), the Defendant Administrators are personally liable to Smith for liquidated damages of $110[2] per day for each day commencing March 29, 2019, through and beyond the date of this complaint, until Smith receives the documents she first requested by letter dated February 26, 2019, and are further liable for "such other relief as [the Court] deems proper." *Id*.

---

[2] See, 29 C.F.R. § 2575.502c-1 Adjusted civil penalty under section 502(c)(1):

> In accordance with the requirements of the 1990 Act, as amended, the maximum amount of the civil monetary penalty established by section 502(c)(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), is hereby increased from $100 a day to $110 a day. This adjusted penalty applies only to violations occurring after July 29, 1997.

29 C.F.R. § 2575.502c-1.

## Relief

39. Smith requests all available legal and equitable remedies. Smith specifically requests the Court: (1) order discovery as to all claims; (2) convene a jury trial in this matter; (3) enter judgment in Smith's favor and against the Defendant plans and Defendant Administrators; (4) award Smith the accrued benefit payable from the date she attained normal retirement age, plus prejudgment interest; (5) award Smith $110 per day for each day between March 29, 2019 through the date that the Defendant Plan Administrators serve Smith with the plan-related documents she first requested on February 26, 2019, plus prejudgment interest; and (6) award Smith attorney fees, costs, and such other relief as is just and appropriate.

Respectfully submitted,

/s/ Richard S. Matesic, Esquire
PA ID No. 72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
412.492.8975/412.492.8978 (fax)
rs.matesic@verizon.net

James T. Carney, Esquire
PA ID No. 232

845 Northridge Drive
Pittsburgh, PA 15216
jtcarney10@comcast.net